THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v.
SEQUOIA BOOKS, INC., Defendant-Appellant.

Second District   No. 2—85—0739

Opinion filed August 11, 1986.

J. Steven Beckett, of Reno, O'Byrne & Kepley, P.C., of Champaign, for appellant.

Dallas C. Ingemunson, State's Attorney, of Yorkville (Kenneth R. Boyle, of State's Attorneys Appellate Prosecutor, of Springfield, and William L. Browers and Marshall Stevens, both of State's Attorneys Appellate Prosecutor, of Elgin, of counsel), for the People.

PRESIDING JUSTICE NASH delivered the opinion of the court:
After a jury trial defendant, Sequoia Books, Inc., was convicted of obscenity (Ill. Rev. Stat. 1983, ch. 38, par. 11—20) for the sale of three magazines to an undercover police officer and fined $910. Defendant appeals, contending (1) the court erred in refusing to admit municipal ordinances relating to adult materials into evidence; (2) defendant was not proved guilty beyond a reasonable doubt; (3) the obscenity statute is vague and overbroad; and (4) a jury instruction improperly permitted the jury to apply a personal standard of obscenity.

On October 23, 1984, Ronald Henson, a village of Oswego police officer, purchased two magazines from the Denmark Bookstore in Aurora, and then delivered them to Investigator Joel Widell, a Kendall County deputy sheriff. The magazines, "Here's the Beef" and "Student Bodies," contained graphic depictions of homosexual acts. The

following day, he returned to the bookstore and purchased a magazine entitled "Two Way Swingers," which contained exhibitions of bisexual acts. Defendant was charged with two counts of obscenity as to each magazine. Prior to trial, the court denied defendant's motion to dismiss on the grounds the statute defining obscenity (Ill. Rev. Stat. 1983, ch. 38, par. 11—20) was unconstitutionally vague and overbroad.

At trial, Officer Henson identified the magazines and photographs of the interior of the Denmark Bookstore premises, and the materials were admitted into evidence. The State rested its case, and the court denied defendant's motion for directed verdict.

Defendant called as a witness Dr. Roderick Bell, a social scientist and professional public-opinion pollster, who had conducted statewide polls regarding sexual materials. Dr. Bell testified he obtained the following responses in three different years to the question, "In your opinion, is it now all right or not all right in the State of Illinois for bookstores that restrict attendance to adults only to sell publications and movies depicting nudity and actual or pretended sexual activities for adults who want to go inside and purchase them?":

| Response | 1983 | 1980 | 1978 |
| --- | --- | --- | --- |
| | | Percentage | |
| All right | 66.6% | 63.2% | 54.8% |
| Not all right | 22.7% | 30.3% | 37.3% |
| Neither | 7.1% | 6.3% | 4.0% |
| No answer | 1.3% | 0.3% | 3.9% |
| Don't know | 2.2% | --- | --- |

Dr. Carl Hamann, a psychiatrist, testified he examined the magazines in evidence and found the sexual conduct depicted fell within normal categories of sexual activity, but would appeal to the prurient interest of some average adults. He also stated the magazines had some educational value. John Breen, a legal investigator, stated he purchased magazines similar to the present magazines at various adult bookstores throughout Illinois. These magazines, which depicted a full range of heterosexual and homosexual conduct, were admitted into evidence. Defendant also offered into evidence certified copies of adult-use-zoning and permit ordinances from several municipalities throughout Illinois as evidence of contemporary community standards. The court sustained the State's objections to the tendered exhibits.

At the close of the evidence, over defense objections, the court gave instruction No. 8A to the jury, which states:

> "In determining whether a magazine is obscene applying contemporary community standards you may consider the material in light of your collective observations in life in the State of Illi-

nois, but you must not judge it by your own personal standards even if you are personally offended by the material."

The jury found defendant guilty of obscenity as to each magazine and, after denial of its post-trial motions, defendant has appealed.

■ We consider first whether the trial court erred in refusing to admit municipal ordinances relating to adult materials into evidence. Defendant attempted to place into evidence ordinances from five Illinois municipalities (Springfield, Quincy, Bloomington, Peoria and Urbana) which regulated zoning and employee permits for adult theatres, bookstores and nightclubs. Defendant argues the ordinances were admissible as evidence of the degree of public acceptance of sexually explicit material (Ill. Rev. Stat. 1983, ch. 38, par. 11—20(c)(4)), and are relevant evidence of the statewide community standard for such material. Other jurisdictions have deemed it error for a trial court to deny a defendant the right to introduce otherwise competent exhibits, such as evidence of the availability of obscene materials, which directly relate to any or all of the elements of obscenity. See *United States v. Various Articles of Merchandise*, (7th Cir. 1984), 750 F.2d 596, 599; *State ex rel. Leis v. William S. Barton Co.* (1975), 45 Ohio App. 2d 249, 344 N.E.2d 342.

It is well established that the admission of evidence lies within the sound discretion of the trial court and its decision will not be reversed absent a clear showing of abuse of that discretion. (*People v. Ward* (1984), 101 Ill. 2d 443, 455-56; *People v. Frazier* (1984), 129 Ill. App. 3d 704, 709.) Defendant's argument that the existence of the adult use municipal ordinances indicates public acceptance of obscene materials is unsupported. The ordinances it submitted as evidence are not limited to patently obscene materials or sexually explicit materials having no social value. Moreover, the ordinances were clearly not intended by the adopting municipalities as an acknowledgement of the public acceptance of materials deemed obscene. These ordinances were enacted to fulfill the municipalities' obligation to address the zoning problems such bookstores raise, regardless of whether the materials would subsequently be adjudged obscene. As the municipalities enacted these provisions for the limited purpose of zoning and they do not reflect a judgment on the public's acceptance of the materials, we find the trial court did not err in refusing to admit the ordinances into evidence.

■ Defendant contends next that the State failed to prove it guilty beyond a reasonable doubt because it did not present any evidence of a statewide community standard and did not rebut defendant's expert testimony and its evidence of a survey of such standards.

An identical argument was rejected in *People v. Pope* (1985), 138 Ill. App. 3d 726, where this court noted the jury need not accept the opinion of an expert (see *Merchants National Bank v. Elgin, Joliet & Eastern Ry. Co.* (1971), 49 Ill. 2d 118, 122; *People v. Slago* (1978), 58 Ill. App. 3d 1009, 1016); the fact the jury did not accept the expert's testimony does not mean the jurors failed to apply a community standard. (*People v. Pope* (1985), 138 Ill. App. 3d 726, 743.) In light of our prior decision, we need not readdress this issue here. See also *People v. Hall* (1986), 143 Ill. App. 3d 766.

■■■ Defendant's other contentions that the trial court erred in its instructions to the jury and that the Illinois obscenity statute does not meet constitutional standards were recently considered by this court in *People v. Sequoia Books, Inc.* (1986), 145 Ill. App. 3d 1054. The same arguments relating to an identical instruction and the statute were rejected.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

STROUSE and WOODWARD, JJ., concur.