THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. SEQUOIA BOOKS, INC., Defendant-Appellant.

Second District    No. 2—85—0985

Opinion filed December 1, 1986.

J. Steven Beckett, of Reno, O'Byrne & Kepley, of Champaign, for appellant.

Dallas C. Ingemunson, State's Attorney, of Yorkville (Kenneth R. Boyle, of State's Attorneys Appellate Prosecutor's Office, of Springfield, and William L. Browers and Marshall M. Stevens, both of State's Attorneys Appellate Prosecutor's Office, of Elgin, of counsel), for the People.

JUSTICE UNVERZAGT delivered the opinion of the court:

The defendant, Sequoia Books, Inc., appeals from the judgment of the circuit court of Kendall County entered on a jury verdict finding it guilty of obscenity. (Ill. Rev. Stat. 1983, ch. 38, par. 11—20(a)(1).) It appeals, raising five issues which we find have been addressed and de-

cided in several recent opinions of this court.

On October 23 and 24, 1984, Ronald Henson, an Oswego village police officer, went to the Denmark Bookstore at 1300 Business 30, Aurora, Kendall County, Illinois. He purchased two magazines entitled "Here's the Beef" and "Student Bodies" on October 23, and one on October 24 entitled, "Two-Way Swingers."

On October 25, 1984, Henson executed a complaint and affidavit for a search warrant. The court additionally received the three magazines that Henson had purchased, and it reviewed them. The court then issued a search warrant, commanding the search of the Denmark Bookstore and the seizure of:

> "Magazines containing depictions or portion thereof of the following: Cunnilingus, fellatio, anal intercourse, excretion of semen from penis onto other persons, vaginal or anal insertion of prosthethic [sic] devices, insertion of tongue into anus and anilingus."

The warrant was executed on October 26, 1984, by Kendall County State's Attorney investigators, supervised by Joel Widell. For approximately 1½ hours, those investigators reviewed the several hundred magazines on bookracks located around the sales area of the store to determine if either on the cover or inside of a magazine there was at least one photographic depiction of a sexual act which met the criteria set forth in the search warrant. The officers took only one copy of any single magazine; a total of 139 separate magazines were seized out of approximately 150 magazines reviewed. An amended single-count complaint was filed charging the defendant with obscenity with respect to the 139 magazines.

Sequoia's motion to dismiss was denied, as was its motion to quash the search warrant and suppress items seized after an evidentiary hearing and argument.

At trial, Kendall County State's Attorney investigator Joel Widell was the State's only witness in its case in chief. He described the bookstore premises and identified photographs taken on October 25, 1984. He identified the 139 magazines taken from the bookstore on that date, they were admitted in evidence and shown to the jury. Before it rested, the State presented a stipulation of the parties that Sequoia Books, Inc., owned and operated the Denmark Bookstore and offered the 139 magazines on trial for sale on October 25, 1984, knowing the nature or content of the magazines. The defendant's motion for a directed verdict at the close the State's case in chief was denied.

The first defense witness was Roderick Bell, a social scientist spe-

cializing in public opinion polls. He testified concerning a poll conducted in 1983 which was designed to report the attitude of adults living within the State of Illinois concerning the dissemination of sexually explicit materials. Dr. Bell gave the foundation and background for the conducting of such a survey, including his assessment that the survey was a valid measure of community attitudes, and read to the jury the results of the poll, which included a percentage breakdown of adult responses.

The next witness for the defendant was Kevin Kropp, a student at the University of Illinois, who testified that he went to various adult bookstores and communities throughout the State of Illinois. He identified photographs of each of the bookstore locations, as well as magazines that he had purchased there which were comparable to the level of sexual explicitness of the magazines on trial.

The final witness for the defendant was Dr. Carl Hamann, a psychiatrist from Rockford, Illinois. He testified he examined all of the materials on trial and, in his opinion, those materials, taken as a whole, did not appeal to the prurient interest of the average adult. It was also his opinion that the magazines could be used for the treatment of sexual degeneracy, as teaching instruments in medical schools, and that they otherwise would have informative value about sex. His opinion was based upon the President's Commission Report on Obscenity and Pornography, available medical literature through 1985, and his background and experience.

The defendant made an offer of proof, seeking admission of adult use ordinances from various Illinois communities (Springfield, Quincy, Danville, Peoria, Urbana, and Chicago). It was asserted that such ordinances were relevant to showing the degree of public acceptance of sexually explicit material in the State of Illinois. The State's objection on the basis of relevancy was sustained, and admission of the evidence was refused.

In rebuttal, the State called a clinical psychologist, Dr. Michael Chiappetta. He testified that in his opinion the magazines appealed to the prurient interest and were utterly without redeeming social value. He further testified that the magazines could be harmful to some adults, and that the President's Commission Report had been rejected by Congress.

The trial court conducted an independent judicial review of the 139 magazines, and it determined that all of them should be submitted to the jury for deliberation and decision. The defendant's motion for directed verdict at the close of all the evidence was denied.

After argument and deliberation, the jury returned a general ver-

dict of guilty against the defendant for the offense of obscenity, and completed a special interrogatory finding each of the 139 magazines to be obscene. The defendant was fined $910 and ordered to pay costs.

■ Defendant first argues that the facts before the issuing judge were insufficient to establish probable cause for the search warrant, and that the warrant was defective because it did not sufficiently particularize the items to be seized. Defendant concedes, however, that these issues are "similar, if not identical" to the ones addressed in this court's recent opinion in *People v. Sequoia Books, Inc.* (1986), 145 Ill. App. 3d 1054, 1059-63. It submits, though, that *Sequoia* was "illconsidered and in error" and urges without any specific argument that *Sequoia* should not be adjudged controlling in this case. We note defendant's petition for rehearing in that case was denied, however, and that on Sequoia's motion, our mandate was recalled pending the filing and disposition of its petition for leave to appeal to the Supreme Court of Illinois.

The type of facts presented to the issuing judge in *Sequoia* and the search warrant issued there were similar to those presented here, to wit: a complaint for search warrant of the subject premises supported by affidavit that the affiant had browsed through magazines in the bookstore and purchased two magazines on one day and one on the next day. The affidavit named the magazines and described in detail the depictions contained therein. Based on the affidavit and the court's own review of the three magazines, a search warrant was issued directing the seizure of magazines containing the depictions noted previously here.

Pending the Illinois Supreme Court's grant or denial of Sequoia's petition for leave, we find *People v. Sequoia Books, Inc.* (1986), 145 Ill. App. 3d 1054, was thoughtfully considered, based on sound precedent and is controlling here. Sequoia had conceded there that our *People v. Patroff* (1986), 141 Ill. App. 3d 483, was dispositive of the probable cause issue. Moreover, and although Sequoia argued against it, we found *Sequoia Books, Inc. v. McDonald* (7th Cir. 1984), 725 F.2d 1091, factually similar and persuasively reasoned in upholding the warrant as against Sequoia's claim it should have been quashed as being a general warrant. We note *certiorari* was denied in that case. (*Sequoia Books, Inc. v. McDonald* (7th Cir. 1984), 725 F.2d 1091, *cert. denied* (1984), 469 U.S. 817, 83 L. Ed. 2d 31, 105 S. Ct. 83.) Accordingly, we find the search warrant issued here was constitutionally sufficient.

■ Defendant next argues that the Illinois obscenity statute (Ill. Rev. Stat. 1983, ch. 38, par. 11—20) is unconstitutionally vague and

overly broad and should be scrutinized in light of the recent United States Supreme Court decision in *Brockett v. Spokane Arcades, Inc.* (1985), 472 U.S. 491, 86 L. Ed. 2d 394, 105 S. Ct. 2794. The State points out, however, and we agree, that this same contention was examined and the statute upheld as constitutional in our recent decision, *People v. Patroff* (1986), 141 Ill. App. 3d 483, 491-92. This same contention was also raised by Sequoia in two subsequent cases, *People v. Sequoia Books, Inc.* (1986), 145 Ill. App. 3d 1054, 1066, and *People v. Sequoia Books, Inc.* (1986), 146 Ill. App. 3d 1, 5. In each case, the statute was found to be constitutional, and we find those cases controlling here.

■ Defendant next contends it was error for the court to refuse the admission into evidence of adult use ordinances for six different communities throughout Illinois, arguing that such ordinances were evidence of the degree of public acceptance of sexually explicit material. This same contention was examined and rejected in *People v. Sequoia Books, Inc.* (1986), 146 Ill. App. 3d 1, 4, and we find that decision controlling here.

■ Defendant next contends it was error for the court to give the following instruction to the jury:

> "In determining whether a magazine is obscene applying contemporary community standards you may consider the material in light of your collective observations in life in the State of Illinois, but you must not judge it by your own personal standards even if you are personally offended by the material."

Sequoia argues this instruction allowed the jury to make its determination of the statewide community standard on an improper basis.

We note this same instruction was given to the juries in the cases *People v. Sequoia Books, Inc.* (1986), 145 Ill. App. 3d 1054, and *People v. Sequoia Books, Inc.* (1986), 146 Ill. App. 3d 1. In the former case, we found the phrase "you may consider the material in light of your collective observations in life" was repetitive of Illinois Pattern Jury Instruction, Criminal, No. 1.01[10] (2d ed. 1981), and unnecessary, but that it was not misleading so as to cause harm. Our second *Sequoia* decision found the first *Sequoia* case controlling. Defendant has presented no new argument as to this issue which would persuade us to alter our opinion in the case at bar, and we find no reversible error in the court's instruction to the jury.

■ Defendant's final contention is that it was not proved guilty beyond a reasonable doubt of obscenity where the State failed to rebut its survey evidence indicating the acceptability of "comparable materials" throughout the State. Defendant contends that in light of

this evidence, the State was required "to do more" to sustain a conviction than introduce the allegedly obscene magazines into evidence.

The State posits, however, and we agree, that greater acceptance of "sexually explicit" materials by the public does not indicate greater acceptance of obscene material; *i.e.*, material which (1) taken as a whole, appeals to a prurient interest in sex; (2) is patently offensive because it affronts contemporary community standards relating to the description, or representation of sexual matters; and (3) is utterly without redeeming social value. *People v. Ridens* (1974), 59 Ill. 2d 362.

Moreover, this same argument has been addressed and rejected in *People v. Pope* (1985), 138 Ill. App. 3d 726, and *People v. Hall* (1986), 143 Ill. App. 3d 766. See also *People v. Sequoia Books, Inc.* (1986), 146 Ill. App. 3d 1.

For the reasons expressed above, the judgment of the circuit court of Kendall County is affirmed.

Judgment affirmed.

LINDBERG and REINHARD, JJ., concur.